1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL H. GOVIND,

11             Plaintiff,                    No. CIV S-06-2467 LKK DAD P

12        vs.

13   WARDEN FELKER, et al.,

14             Defendants.                   ORDER

15   _____/

16             Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20             The in forma pauperis application submitted with plaintiff's complaint on

21   November 6, 2006, is incomplete.  However, a properly completed application filed on

22   November 13, 2006, makes the showing required by 28 U.S.C. § 1915(a).  Plaintiff's request for

23   leave to proceed in forma pauperis will therefore be granted.

24             Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

25   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

26   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

1

1    U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

2    the preceding month's income credited to his prison trust account.  These payments shall be

3    collected and forwarded by the appropriate agency to the Clerk of the Court each time the

4    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

5    § 1915(b)(2).

6           The court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11   U.S.C. § 1915A(b)(1) & (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

23   355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

24   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

25   must contain factual allegations sufficient "to raise a right to relief above the speculative level."

26   Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

1   accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital</u>

2   <u>Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

3   plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421

4   (1969).

5                The Civil Rights Act under which this action was filed provides as follows:

6                Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the

7                deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at

8                law, suit in equity, or other proper proceeding for redress.

9   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

11  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

16          Moreover, supervisory personnel are generally not liable under § 1983 for the

17  actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

18  defendant holds a supervisorial position, the causal link between him and the claimed

19  constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

20  (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

21  allegations concerning the involvement of official personnel in civil rights violations are not

22  sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

23          In his complaint, plaintiff identifies the following individuals as defendants

24  Warden Felker; Warden D.L. Runnels; Captain Harrison; Captain Gower; Lieutenant Spanger;

25  Sergeant Gamburg; Sergeant Nichol; Sergeant Oberst; Correctional Officer Gorden; Correctional

26  Officer Lamberton; Correctional Officer Bates; Correctional Officer Hill; Correctional Officer

1 | Martinez; Correctional Officer Tasi; CC1-Fiegner; CC-II Kopec; Appeals Coordinator H.

2 | Wagner; Chief Medical Officer Roche; Dr. James; Nurse Armitta; M.T.A. Hunsaker; M.T.A.

3 | Bates; M.T.A. Garrison; Sergeant Patton; Sergeant Holmes; Senior Librarian Flaherty; Director

4 | of Corrections Mr. Dovey.

5 |        Plaintiff alleges a wide panoply of claims, broadly alleging that defendants have

6 | provided him with inadequate medical care under the Eighth Amendment, denied him of his

7 | religious rights, retaliated against him, destroyed his property without due process of law, injured

8 | his reputation, inflicted cruel and unusual punishment on him, and provided him with poor living

9 | conditions and poor disciplinary treatment.  Plaintiff's complaint is disorganized and difficult to

10 | decipher.  It contains broad and sweeping claims coupled with virtually endless strings of

11 | improper and unnecessary case citations.

12 |        Under the Federal Rules of Civil Procedure, a complaint must contain "a short and

13 | plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

14 | 8(a)(2).  Each allegation of the pleading must be "simple, concise, and direct."  Fed. R. Civ. P.

15 | 8(e)(1).  Although the Federal Rules adopt a flexible pleading policy, a complaint must provide

16 | each defendant with fair notice of the claims alleged against him or her and must contain factual

17 | allegations that state the elements of each claim plainly and succinctly.  Jones v. Community

18 | Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

19 |        Plaintiff's complaint does not meet the requirements of Rule 8 of the Federal

20 | Rules of Civil Procedure.  The lengthy, fragmented pleading does not contain a short and plain

21 | statement of the claims, and the pleading is far from "simple, concise, and direct."  As presented,

22 | the complaint does not provide each defendant with fair notice of the claims alleged against him

23 | or her.  Accordingly, plaintiff's complaint will be dismissed.  The court will, however, grant

24 | leave to file an amended complaint.

25 |        In an amended complaint, plaintiff must allege facts demonstrating how the

26 | specific acts and conditions complained of have resulted in a deprivation of plaintiff's federal

1   constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  An amended complaint

2   must also allege in specific terms how each named defendant was involved in the deprivation of

3   rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

4   connection between a defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423

5   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

6   F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil

7   rights violations will not suffice.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.

8   1982).

9           Plaintiff must present his amended complaint on the form provided by the court.

10  He must complete all sections of the form.  Plaintiff may attach continuation pages as needed but

11  may not attach a separate document that purports to be his amended complaint.  In order to make

12  a short and plain statement of claims against the defendants, plaintiff should include factual

13  allegations that explain how each named defendant was involved in the denial of his rights.  In

14  this regard, plaintiff should not include legal analysis or case citations.  The court will screen the

15  amended complaint to determine whether it contains factual allegations linking each defendant to

16  the alleged violations of plaintiff's rights.  The court will not authorize service of the amended

17  complaint on any defendant who is not specifically linked to the violation of plaintiff's rights.

18          If plaintiff elects to proceed in this action by filing an amended complaint, the

19  court advises him of the following legal standards that govern his civil rights claims.  First, with

20  regards to his medical health care claims, plaintiff is advised that the U.S. Supreme Court has

21  held that inadequate medical care did not constitute cruel and unusual punishment cognizable

22  under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious

23  medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In applying this standard, the

24  Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged,

25  "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

26  'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

1 | 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

2 |      Second, with regards to his property claims, plaintiff is advised that the United

3 | States Supreme Court has held that "an unauthorized intentional deprivation of property by a

4 | state employee does not constitute a violation of the procedural requirements of the Due Process

5 | Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

6 | available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a

7 | meaningful postdeprivation remedy, only authorized, intentional deprivations constitute

8 | actionable violations of the Due Process Clause.  An authorized deprivation is one carried out

9 | pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d

10 | 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th

11 | Cir. 1987).

12 |      Third, with regards to his excessive force claims, plaintiff is advised that the

13 | Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const.

14 | amend. VIII.  It is well established that the "unnecessary and wanton infliction of pain"

15 | constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley

16 | v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);

17 | Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel

18 | and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good

19 | faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

20 | Whitley, 475 U.S. at 319.

21 |      What is needed to show unnecessary and wanton infliction of pain "varies

22 | according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S.

23 | 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  The plaintiff must allege facts showing that

24 | objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had

25 | a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v.

26 | Seiter, 501 U.S. 294, 298-99 (1991).

1    Fourth, to the extent plaintiff is attempting to pursue a claim that prison officials

2  failed to protect him, plaintiff is advised that the Supreme Court has held that a prison official

3  violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious

4  harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v.

5  Brennan, 511 U.S. 825, 847 (1994).  Under this standard, a prison official must have a

6  "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or

7  safety.  Id. at 834.

8    Finally, with regards to his religious freedom claims, plaintiff is advised that

9  prisoners may seek free exercise protection under the First Amendment and the Religious Land

10  Use and Institutionalized Persons Act ("RLUIPA").  Under the First Amendment, a prison

11  regulation infringing on a prisoner's free exercise of religion is valid if it is reasonably related to

12  legitimate penological interests.  Turner v. Safley, 482 U.S. 78, 89 (1987).  Under RLUIPA, a

13  prison regulation that substantially burdens a prisoner's religious exercise is valid if it furthers a

14  compelling governmental interest and does so by the least restrictive means.  42 U.S.C. §

15  2000cc-1(a)(1)-(2).

16    Plaintiff is informed that Local Rule 15-220 requires that an amended complaint

17  be complete in itself without reference to any prior pleading.  This is because, as a general rule,

18  an amended complaint supersedes the prior complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

19  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading will no longer serve

20  any function in the case.  Therefore, in an amended complaint, as in an original complaint, each

21  claim and the involvement of each defendant must be sufficiently alleged.

22    Plaintiff has also filed two nearly-identical requests for injunctive relief.[1]  Among

23  other things, plaintiff requests a transfer from High Desert State Prison.  Plaintiff is not entitled

24

25    [1]  Plaintiff filed his first request on October 1, 2007 and his second request on December
11, 2007.  The only substantive difference between the two motions is plaintiff's October 1, 2007
26  motion has exhibits attached to it.

1  to preliminary injunctive relief until such time as the court finds that his complaint contains

2  cognizable claims for relief against the named defendants and the named defendants have been

3  served with the summons and complaint.  See Zepeda v. United States Immigration Service, 753

4  F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal

5  jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to

6  determine the rights of persons not before the court.").  As discussed above, the court is

7  dismissing plaintiff's complaint and granting him leave to amend.  Accordingly, at this juncture,

8  plaintiff's requests for injunctive relief are premature.[2]

9            In accordance with the above, IT IS HEREBY ORDERED that:

10           1.  Plaintiff's November 13, 2006 application to proceed in forma pauperis (Doc.

11  No. 6) is granted.

12           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

13  The fee shall be collected and paid in accordance with this court's order to the Director of the

14  California Department of Corrections and Rehabilitation filed concurrently herewith.

15           3.  Plaintiff's complaint is dismissed with leave to amend.

16           4.  Plaintiff is granted thirty days from the date of service of this order to file an

17  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

18  Rules of Civil Procedure, and this order; the amended complaint must bear the case number

19  assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

20  complaint that complies with this order will result in a recommendation that this action be

21  dismissed without prejudice.

22  /////

23  /////

24  ───────────────

25  [2] In any event, plaintiff is advised that it is well-established that inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Rizzo v. Dawson,

26  778 F.2d 527, 530 (9th Cir. 1985).

1        5.  Plaintiff's October 1, 2007 and December 11, 2007 requests for injunctive

2  relief (Doc. Nos. 10 & 12) are denied.

3  DATED: October 10, 2008.

4

5    _____

      DALE A. DROZD
6     UNITED STATES MAGISTRATE JUDGE

7  DAD:9
   govi2467.14a
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

9