IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL H. GOVIND, <br><br>    Plaintiff, <br><br>vs. <br><br>VEAL, et al <br><br>    Defendants | No. 2:06 CV 02467  Consolidated with <br><br> 2:08 CV-01183 ODW <br><br> ORDER |

  Pending before the Court is Defendant Tasi's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed March 3, 2011. Defendant Tasi contends that the First Amended Complaint fails to state a claim upon which relief can be granted. [44] Indeed, it is alleged that Correctional Officer Tasi participated in the confiscation of items of Plaintiff's personal property.  It is further alleged that Tasi subsequently failed to respond to the inmate appeal which plaintiff initiated following the confiscation. Plaintiff argues that these facts constitute a claim under 42 USC § 1983.

  Section 1983 provides in pertinent part: "Every person who, under color

of any statute . . . regulation, custom or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."   Prison officials, when acting in their official capacity, are acting under color of state law. *See Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988.)

Section 1983 can provide a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution or federal statutes. *See Gonzaga University v. Doe,* 536 U.S. 273, 279 (2002).

Where a prisoner alleges that deprivation of a liberty or property interest, caused by an unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer,* 469 U.S. 517, 533 (1984). Plaintiff's allegation itself testifies to the existence of post-deprivation remedies. Specifically, plaintiff complains about the lack of response to his inmate appeal. Because he has remedies available to him under California state law (*Barnett v. Centoni,* 31 F.3d 813, 816-17 (9th Cir. 1994) ) he has not, and indeed cannot state a claim for a constitutional deprivation of his interests in property by state employees.

As for his claim that Tasi refused to respond to his appeal regarding the confiscation of his property, this cannot serve as a basis for 1983 liability. The Supreme Court has held that to obtain a protectable right an individual must have a "legitimate claim of entitlement to it." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There is no legitimate claim of entitlement to a grievance procedure. *Mann v. Adams*,

855 F.2d 639, 640.  If there is no legitimate claim to a grievance procedure, there can be no claim to a properly functioning one.

To the extent Plaintiff bases his 1983 claim on Tasi's refusal to respond to the appeal process it fails.  As a result, Tasi's motion to dismiss is GRANTED.

DATED: June 17, 2011    _____
                         OTIS D. WRIGHT, II, DISTRICT JUDGE

3.